IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HERBERT MCKINNEY, administrator
of the Estate of Velma McKinney,

                Plaintiff,

v.                                            CIVIL ACTION NO. 5:05-cv-00585

NATIONWIDE MUTUAL INSURANCE COMPANY,

                Defendant.

**MEMORANDUM OPINION**

Before the Court is Defendant's Second Motion for Summary Judgment [Docket 34]. For the reasons stated herein, Defendant's motion is **GRANTED**.

*I. BACKGROUND*

A full recitation of the relevant facts in this matter was set forth in this Court's Memorandum Opinion and Order entered June 20, 2006. In short, Plaintiff was involved in an automobile accident 1996. Plaintiff brought claims against the other drivers in the accident, and settled those claims in 1999. Defendant was Plaintiff's underinsured motorist insurance carrier at the time of the accident. On June 28, 2005, Plaintiff filed the instant action, stating a claim for underinsured motorist benefits. The Court dismissed that claim because it was not brought within the applicable two year statute of limitations.[1]

Defendant now moves for summary judgment on Plaintiff's remaining claim brought under the West Virginia Unfair Trade Practices Act (WVUTPA), W. Va. Code 33-11-1, *et seq*. According

---

[1] In its Order, the Court found that Plaintiff's claim for underinsured motorist benefits arose, at the latest in 1999. Therefore, the claim expired, at the latest, in 2001.

to Plaintiff's Complaint, Defendant engaged in unfair trade practices in handling its claim for underinsured motorists benefits.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"In deciding whether there is a genuine issue of material fact, the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor." *Am. Legion Post v. City of Durham*, 239 F.3d 601, 605 (4th Cir. 2001). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celetex Corp.*, 477 U.S. at 323.

## III.  DISCUSSION

In its motion, Defendant argues that Plaintiff's WVUTPA claim is time-barred because it was not brought within one year, as required by W. Va. Code § 55-2-12(c). Syl. pt. 1, *Wilt v. State Auto Mut. Ins. Co.*, 506 S.E.2d 608 (Claims involving unfair settlement practices that arise under the WVUTPA are governed by the one-year statute of limitations set forth in W. Va. Code § 55-2-

12(c)).[2] Plaintiff conceeds that any WVUTPA claim it might have had which was not brought within the one year limitation period of W. Va. Code § 55-2-12(c) is now time-barred. Plaintiff, however, bases its WVUTPA claim on Defendant's conduct in handling the underinsured motorist claim it submitted to Defendant in November 2004, *i.e.*, within the limitations period.

As noted above, the Court previously dismissed Plaintiff's claim for underinsured motorists benefits because the claim was not brought within two years after the claim arose in 1999. Nonetheless, Plaintiff believes it has a WVUTPA claim against Defendant based on Defendant's handling of its underinsured motorist claim which it submitted to Defendant in November 2004, approximately three years after the underinsured motorist claim expired. Plaintiff offers no authority for the proposition that an insurance carrier can violate the WVUTPA based on its handling of a claim which has long since expired, and the Court has found none. Therefore, Plaintiff's claim is legally baseless.

### IV.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's Second Motion for Summary Judgment [Docket 34] is **GRANTED**. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:    May 18, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's motion assumes that Plaintiff's WVUTPA claim is based on events which occurred during or prior to 1999.